UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-06554-HSG<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a pretrial detainee incarcerated at Niagara County Jail, has filed a *pro se* action. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B.   Procedural History**

The complaint names as defendants the company Facebook, Facebook employee Tyler Harmon, and Western District of New York Assistant United States Attorneys Paul E. Bonnano and Maeve Eileen Huggins.  The complaint makes the following allegations.  In May 2023, Plaintiff looked at the Facebook chat that Randall Garver claimed was for discovery.  Plaintiff demanded to see the other two to three week chats that the victim had claimed to have had with Plaintiff.  Mr. Garver and defendant Bonanno stated that they would get back to Plaintiff, but have not gotten back to Plaintiff as of October 10, 2023.  Accordingly, it is safe to say that defendant Harmon lied and committed perjury, and that the chat violated Fed. R. Evid. 901, which governs the authentication or identification of evidence.  *See generally* Dkt. No. 1.

The Court DISMISSES this complaint for failure to state a cognizable claim for relief. There is no private right of action under Fed. R. Evid. 901.  *See, e.g., In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 335 (2d Cir. 1985) (federal rules of civil procedures are "rule[s] of procedure and create[] no substantive rights or remedies enforceable in federal court.").  In addition, Plaintiff appears to be challenging an evidentiary ruling in an ongoing New York federal court criminal proceeding.  This Court cannot review the decisions of other district courts.  *See Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1393 (9th Cir. 1987) (federal district court also lacks authority to issue writ of mandamus to another district court).  Finally, Plaintiff appears to be bringing a *Bivens* action against defendants Bonanno and Huggins.  However, the Supreme Court has only recognized a viable *Bivens* remedy in three contexts: (1) violation of the prohibition against unreasonable search and seizures under the Fourth Amendment; (2) gender discrimination pursuant to the equal protection component of the due process clause of the Fifth Amendment; and (3) deliberate indifference to an inmate's health care needs under the Eighth Amendment.  *See Carlson v. Green*, 446 U.S. 14 (1980) (Eighth

United States District Court
Northern District of California

2

Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment). Expanding the Bivens remedy to new contexts – such as the prosecutorial misconduct alleged here – is a "disfavored judicial activity," and courts "consistently refuse[ ] to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017).  The dismissal of this action is with prejudice because amendment would be futile.  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action with prejudice.  The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated:   6/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

3