UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID C. LETTIERI,

               Plaintiff,

      v.

FACEBOOK, et al.,

               Defendants.

Case No.  23-cv-06554-HSG

**ORDER DENYING REQUEST FOR RECONSIDERATION**

Re: Dkt. No. 13

Plaintiff has filed this *pro se* action, which the Court dismissed on June 17, 2024, for failure to state a cognizable claim for relief.  Now pending before the Court is Plaintiff's request for reconsideration of the dismissal.  Dkt. No. 13.  For the reasons set forth below, the Court DENIES the request for reconsideration.

## DISCUSSION

**I.    Background**

In this action, Plaintiff sues the company Facebook, Facebook employee Tyler Harmon, and Western District of New York Assistant United States Attorneys Paul E. Bonnano and Maeve Eileen Huggins.  The complaint makes the following allegations.  In May 2023, Plaintiff looked at the Facebook chat that Randall Garver claimed was for discovery.[1]  Plaintiff demanded to see the other two to three week chats that the victim had claimed to have had with Plaintiff.  Mr. Garver and defendant Bonanno stated that they would get back to Plaintiff, but, as of October 10, 2023, had not gotten back to Plaintiff.  Plaintiff contends that defendant Harmon lied and committed perjury, and that the chat violated Fed. R. Evid. 901, which governs the authentication or

---

[1] The complaint does not explain who "Randall Garver" is.

identification of evidence. *See generally* Dkt. No. 1.

The Court dismissed the action with prejudice for failure to state a cognizable claim for relief for the following reasons:

> The Court DISMISSES this complaint for failure to state a cognizable claim for relief. There is no private right of action under Fed. R. Evid. 901. *See, e.g., In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 335 (2d Cir. 1985) (federal rules of civil procedures are "rule[s] of procedure and create[] no substantive rights or remedies enforceable in federal court."). In addition, Plaintiff appears to be challenging an evidentiary ruling in an ongoing New York federal court criminal proceeding. This Court cannot review the decisions of other district courts. *See Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1393 (9th Cir. 1987) (federal district court also lacks authority to issue writ of mandamus to another district court). Finally, Plaintiff appears to be bringing a *Bivens* action against defendants Bonanno and Huggins. However, the Supreme Court has only recognized a viable *Bivens* remedy in three contexts: (1) violation of the prohibition against unreasonable search and seizures under the Fourth Amendment; (2) gender discrimination pursuant to the equal protection component of the due process clause of the Fifth Amendment; and (3) deliberate indifference to an inmate's health care needs under the Eighth Amendment. *See Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment). Expanding the *Bivens* remedy to new contexts – such as the prosecutorial misconduct alleged here – is a "disfavored judicial activity," and courts "consistently refuse[ ] to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017). The dismissal of this action is with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

Dkt. No. 10 at 2-3.

## II. Motion for Reconsideration

### A. Legal Standard

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based on Fed. R. Civ. P. 59(e) (motion to alter or amend judgment). *See* Fed. R. Civ. P. 59(e). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1K, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

### B. Analysis

Plaintiff appears to argue that the Court committed clear error in dismissing this action for failure to state a cognizable claim. He argues that *Powell v. United States*, C No. 19 Civ. 11351 (AKH), holds that there is a *Bivens* action for fabrication of evidence; and that, to the extent that

United States District Court
Northern District of California

1    Plaintiff failed to state under a claim, the Court should have granted him leave to amend because

2    Defendants' actions also violated 18 U.S.C. § 2701; 47 U.S.C. §§ 206, 207, 220; and the Due

3    Process Clause of the Fifth Amendment.

4            The Court's dismissal of this action for failure to state a claim was not clearly erroneous.

5    The complaint did not allege fabrication of evidence.  Rather, it alleges that defendant Harmon

6    committed perjury and defendant Bonnano did not get back to Plaintiff about giving Plaintiff

7    access to the other two to three week chats that the victim had claimed to have had with Plaintiff.

8    To the extent that Plaintiff is arguing that Defendants fabricated evidence against him, this is a

9    new claim that must be brought in a separate action.  Nor was the dismissal without leave to

10   amend erroneous.  Plaintiff's claims that defendant Harmon committed perjury and that defendant

11   Bonnano has not followed up regarding giving Plaintiff access to certain evidence do not state

12   violations of 18 U.S.C. § 2701; 47 U.S.C. §§ 206, 207, 220; or the Due Process Clause of the Fifth

13   Amendment.  The statutes referenced do not apply to claims of perjury or access to evidence.  Any

14   due process claim is barred by the *Heck* doctrine, which holds that in order to recover damages for

15   harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

16   plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

17   by executive order, declared invalid by a state tribunal authorized to make such determination, or

18   called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*,

19   512 U.S. 477 (1994); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (rationale of *Heck* applies to

20   *Bivens* actions).

                                        **CONCLUSION**

22           The Court DENIES the request for reconsideration.  Dkt. No. 13.  This case remains

23   closed.

24           This action terminates Dkt. No. 13.

25           **IT IS SO ORDERED.**

26   Dated:  8/1/2024

27

28
                                                     HAYWOOD S. GILLIAM, JR.
                                                     United States District Judge

3